IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DAVIDA LAUREL SMITH**                                                                                  **PLAINTIFF**

**V.**                             **No. 4:25-CV-00182-JTK**

**SOCIAL SECURITY ADMINISTRATION,**
**Commissioner**                                                                                          **DEFENDANT**

### ORDER[1]

Plaintiff, Davida Laurel Smith ("Smith"), appeals the Social Security Administration Commissioner's final decision denying her application for disability benefits. For the reasons set out below, the Commissioner's decision is AFFIRMED.

**I.   Background**

On March 2, 2022, Smith filed an application for supplemental security income benefits due to diabetes and rheumatoid arthritis. (Tr. at 15, 141, 154).

Smith's claim was denied initially and upon reconsideration. An Administrative Law Judge ("ALJ") held a telephone hearing on December 5, 2023, where Smith appeared with her representative, and the ALJ heard testimony from Smith and a vocational expert ("VE"). *(Tr. at 15)*. The ALJ issued a decision on January 31, 2024, finding that Smith was not disabled. (Tr. at 15-24). The Appeals

---

[1]The parties consented in writing to the jurisdiction of a United States Magistrate Judge. (Doc. 5).

Council denied Smith's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. at 1-3).

## II.   The ALJ's Decision[2]

The ALJ found that Smith had not engaged in substantial gainful activity since her application date of March 2, 2022. (Tr. at 17). He found that Smith has the following severe impairments: inflammatory arthritis, diabetes mellitus, peripheral neuropathy, and depression. *Id.* However, the ALJ concluded Smith did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 19).

According to the ALJ, Smith had the residual functional capacity ("RFC") to perform light work, with the following limitations: (1) only occasional use of ramps and stairs; (2) only occasional kneeling, crouching, or crawling; (3) no use of ropes, ladders, or scaffolding; (4) no exposure to unprotected heights or dangerous machinery; (5) no use of foot pedals; (6) must avoid concentrated exposure to vibrating, surfaces, and hazards; (7) only frequent, but not continual use of left hand

---

[2] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(g).

for handling and fingering; and (8) no concentrated exposure to dusts, mists, gases, or areas of poor ventilation. (Tr. at 19).

The ALJ found that Smith could perform her past relevant work as home health aide or home attendant. (Tr. a 22). In addition, the ALJ found, based on Smith's age, education, work experience, and RFC, that a significant number of jobs were available in the national economy that Smith could perform. (Tr. at 23-24). Accordingly, the ALJ determined that Smith was not disabled. *Id*.

### III. Discussion

#### A.    Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence in the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence: in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because

substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

B.     **Smith's Arguments for Reversal**

Smith contends that the Commissioner's decision is not supported by substantial evidence because the ALJ: (1) did not account for alleged mental limitations in the RFC; and (2) the ALJ did not properly consider Smith's subjective complaints. (Doc. 13). After carefully reviewing the record as a whole, the Court affirms the Commissioner.

C.     **Analysis**

1.     **Alleged mental limitations**

Smith claims that the ALJ should have included restrictions on her mental abilities in the RFC. Smith alleged mental impairments, but she sought no formal psychiatric care. (Tr. at 21, 415-416). Her PCP described her depression as mild and stable, and Smith said that sertraline helped.[3] *Id*. The state-agency psychiatric expert reviewed the record and found that Smith's mental impairments were not severe. (Tr. at 22, 60-61). The ALJ certainly credited Smith's allegations to some extent, finding that depression was a severe impairment Step Two. (Tr. at 17). This means that he considered depression and its effects in making his decision.[4]

---

[3] Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000).

[4] Once the ALJ proceeds past Step Two, the labeling of an impairment as severe or non-

4

Moreover, Smith said she could perform daily activities requiring mental aptitude and cognitive function (visiting with family, reading, drawing, managing finances).[5] (Tr. at 18-19, 233-236). The ALJ discussed the relevant mental impairment evidence, including improvement with medications and Smith's lack of formal psychiatric treatment, and he found that mental limitations were not warranted in the RFC.[6] Smith's argument is unavailing.

### 2. Subjective Complaints

Smith next argues that the ALJ did not properly consider her subjective complaints.[7] She specifically contends that the ALJ erred by not discussing the

---

severe has no legal significance; the medical record as whole is the basis for the determinations at Steps Three and Four. See 20 C.F.R. §§ 404.1545(e), 416.945(e); Social Security Ruling 96-8p, 1996 WL 374184 (the ALJ will consider all medically determinable impairments, even those that are non-severe, when assessing residual functional capacity).

[5] Such daily activities undermine her claims of disability. *Andrews v. Colvin*, 791 F.3d 923, 929 (8th Cir. 2015*)*; *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

[6] A claimant's RFC represents the most she can do despite the combined effects of all of her credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of her impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996). An ALJ is not required to include limitations in the RFC that are not supported by the evidence in the record. *McGeorge v. Barnhart*, 321 F.3d 766, 769 (8th Cir. 2003).

[7] When evaluating a claimant's subjective complaints, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. *See Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019); *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). "An ALJ need not explicitly discuss each factor," and he may "decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony." *Id*. (internal citations

*Polaski* factors in detail. Smith alleged that her pain and mental impairments were disabling.

However, the ALJ discussed Smith's allegations of pain and difficulty functioning. (Tr. at 19-24). He discussed the objective medical evidence. *Id*. He discussed the mild-to-moderate nature of Smith's conditions. *Id*. He discussed Smith's positive response to conservative treatment. *Id*. He discussed Smith's ability to perform a variety of daily activities. *Id*. The ALJ concluded that Smith's subjective complaints of disabling conditions were not entirely consistent with the evidence. (Tr. at 20). The ALJ properly evaluated Smith's subjective complaints.

## IV.   Conclusion

The ALJ applied proper legal standards in evaluating Smith's claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE ORDERED that Commissioner's decision is affirmed and judgment will be entered in favor of the Commissioner.

Dated 17th December 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

omitted). Where an ALJ seriously considers but for good reasons explicitly discounts a claimant's subjective complaints, the Court will not disturb the ALJ's determination. *Johnson v. Apfel,* 240 F.3d 1145, 1148 (8th Cir. 2001). Again, the ALJ need not discuss every *Polaski* factor. *Bryant v. Colvin,* 861 F.3d 779, 784 (8th Cir. 2017)